**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| NIMA GHARAVI, | § | |
|     Plaintiff, | § | |
| v. | § | 1:25-CV-150-RP |
| X CORP., | § | |
|     Defendant. | § | |

**<u>RESPONSE TO ORDER TO SHOW CAUSE</u>**

Plaintiff Nima Gharavi ("Mr. Gharavi") respectfully submits this Response to the Court's Order to Show Cause dated August 20, 2025, and states as follows:

**I.     INTRODUCTION**

This matter should not be dismissed for want of prosecution because it has been successfully resolved. X Corp. voluntarily complied with the DMCA subpoena on May 30, 2025, providing the requested subscriber information. Mr. Gharavi respectfully requests that this case be formally closed, as the underlying purpose of the DMCA subpoena proceeding has been fully accomplished.

## II. CHRONOLOGY OF PROCEEDINGS AND GOOD FAITH EFFORTS

### A. Initial Filing and Proactive Legal Strategy

On January 30, 2025, Mr. Gharavi filed a petition for issuance of a DMCA subpoena pursuant to 17 U.S.C. § 512(h). The Clerk issued the subpoena on January 31, 2025, and the case was marked "terminated" that same day.

Anticipating the likelihood of motion practice based on established legal precedent, Mr. Gharavi proactively included an Application for Permission to File Electronically with the initial filing (Dkt. 1-5) and subsequently filed a standalone motion for e-filing permission on February 4, 2025. (Dkt. 3).

### B. Legal Basis for Anticipated Motion Practice

Mr. Gharavi's preparation for motion practice was well-founded in legal precedent demonstrating X Corp.'s pattern of requiring court intervention:

***Cognosphere Pte. Ltd. v. X Corp.***, Case No. 23-MC-80294-PHK, 2024 WL 4227594, at *9 (N.D. Cal. Sep. 18, 2024), noted that "X Corp. has expressed the view that, in the face of a DMCA subpoena, X Corp. is unable to comply with the subpoena on its own volition, and that X Corp. is somehow required to file a motion to quash (or force the party seeking discovery to file a motion to enforce the subpoena) in virtually every instance."

***Agdal v. X Corp.***, Case No. 24-mc-80266-JCS, 2025 WL 81594, at *2 (N.D. Cal. Jan. 13, 2025), criticized X Corp.'s practice, stating: "As a preliminary matter, the

Court rejects X's assertion that it is proper to refuse to comply with a lawfully issued subpoena and to insist on a 'First Amendment review' by the Court where it does not have a good faith belief that the requested disclosures will actually violate the First Amendment."

This legal research proved prescient when X Corp.'s counsel responded on February 7, 2025, with seventeen objections concluding that "X Corp. will not produce information in response to this Request." (Exhibit B).

### C. Diligent Meet and Confer Efforts

Rather than immediately filing a motion to compel, Mr. Gharavi engaged in extensive meet and confer conferences with X Corp.'s counsel from February through May 2025. These efforts prioritized judicial economy and ultimately achieved the desired result without burdening the Court with motion practice.

### D. Successful Resolution

On May 30, 2025, X Corp. voluntarily complied with the subpoena, providing the requested subscriber information. This successful resolution vindicated Mr. Gharavi's strategy and accomplished the statutory purpose of the DMCA subpoena.

## III. REASONABLE RELIANCE ON CASE STATUS

Following experience with a parallel DMCA subpoena case in the Central District of California, where Mr. Gharavi learned that standalone applications for electronic filing must be filed separately in unassigned cases, he filed a Motion for

Permission to File Electronically on February 4, 2025. (Dkt. 3). After emailing the ECF Help Desk for clarification on February 12, 2025 (Exhibit A), Mr. Gharavi contacted the divisional office on February 14, 2025, and was advised that court action on the motion at Dkt. 3—if any—would likely occur within two to three weeks. That timeframe elapsed without any court activity while the case remained marked "Closed" and "Terminated". (Exhibit C). Given this status and the successful resolution of the underlying matter, Mr. Gharavi reasonably believed that the court required no further action from him.

## IV.     GOOD FAITH AND LEGAL JUSTIFICATION

Mr. Gharavi's actions throughout these proceedings demonstrate:

1. **Proactive legal preparation** based on comprehensive research of X Corp.'s litigation patterns
2. **Respect for judicial resources** through extensive meet and confer efforts
3. **Successful case resolution** without requiring court intervention
4. **Reasonable reliance** on official case status information
5. **Full compliance** with DMCA statutory requirements

## V.     CONCLUSION AND RELIEF REQUESTED

This case represents a successful resolution of a DMCA subpoena proceeding. Mr. Gharavi obtained the statutorily required subscriber information through diligent

advocacy and good faith negotiations. The case was not abandoned or neglected—it was resolved efficiently and effectively.

Mr. Gharavi respectfully requests that:

1. The Order to Show Cause be discharged;
2. This matter be formally closed as successfully resolved; and
3. Such other relief as the Court deems just and proper be granted.

Mr. Gharavi is grateful for the Court's August 19, 2025 grant of the Application for Permission to File Electronically and appreciates the Court's consideration of this matter.

Dated: August 21, 2025

Respectfully submitted,

/s/ Nima Gharavi

Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640
C: +1 (773) 899-4688
dmca@midwestwrestle.com

*Pro Se*