IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-150-RP |
| | § | |
| X CORP., | § | |
| Defendant. | § | |

**MOTION FOR CLARIFICATION OF ORDER DATED AUGUST 22, 2025**

Petitioner Nima Gharavi ("Mr. Gharavi") respectfully moves the Court pursuant to Federal Rule of Civil Procedure 60(a) for clarification of the Court's Order dated August 22, 2025 (Dkt. 6), and in support states as follows:

**I. INTRODUCTION**

Mr. Gharavi achieved the substantive relief he sought—X Corp. complied with the DMCA subpoena and produced the requested subscriber information. Mr. Gharavi files this motion not to challenge that successful outcome, but to clarify the procedural characterization of this case for the record. As an active *pro se* litigant who regularly prosecutes DMCA § 512(h) subpoena proceedings in multiple jurisdictions, Mr. Gharavi respectfully seeks clarity regarding the proper characterization of his diligent prosecution of this subpoena request.

## II. BACKGROUND

On January 30, 2025, Mr. Gharavi filed a petition for issuance of a DMCA subpoena pursuant to 17 U.S.C. § 512(h). (Dkt. 1). The Clerk issued the subpoena on January 31, 2025, and the case was properly designated as a miscellaneous ("mc") action and marked "terminated" that same day. (Dkt. 2).

Following extensive meet-and-confer efforts with X Corp.'s counsel from February through May 2025, X Corp. voluntarily complied with the subpoena on May 30, 2025, providing the requested subscriber information. (Dkt. 5 at 3-4).

On August 20, 2025, the Court issued an Order to Show Cause. (Dkt. 4). Mr. Gharavi timely responded on August 21, 2025, explaining that the matter had been successfully resolved and respectfully requesting that "this matter be formally closed as successfully resolved." (Dkt. 5 at 5).

On August 22, 2025, the Court issued its Order stating: "The Court construes Plaintiff's submission as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) . . . Plaintiff's notice is therefore 'self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" (Dkt. 6).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is

found in a judgment, order, or other part of the record." Courts have authority to clarify their orders to prevent confusion and ensure accurate recordkeeping.

## IV. ARGUMENT

### A. DMCA § 512(h) Subpoena Proceedings Are Sui Generis and Distinct from Traditional Civil Actions

The Court's characterization of Mr. Gharavi's response as a "notice of voluntary dismissal under Rule 41(a)(1)(A)(i)" is procedurally inconsistent with the unique nature of DMCA § 512(h) subpoena proceedings.

As the Court is aware, DMCA subpoena proceedings are fundamentally different from traditional civil actions. In *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. Mar. 2, 2020), the court explained:

> This case is different. Watch Tower [subpoena petitioner] obtained the subpoena on a freestanding basis independent of a complaint or litigation. **In effect, the subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case—whether the subpoena should be enforced or not. Once that question is answered, the dispute between the parties is fully decided.**

*Id.* at 880 (emphasis added).

The Reddit court further noted that in the DMCA subpoena context, "the subpoena request was filed on its own and not in conjunction with a lawsuit." *Id.* Critically, "all of these events happened while Watch Tower [subpoena petitioner] was the sole party of record. Darkspilver [subpoena target] did not appear

3

until after Reddit [subpoena recipient] advised him that it had received the subpoena." *Id.*

**B. Rule 41(a)(1)(A)(i) Is Inapplicable Because No Opposing Party Appeared**

The Court's Order cites Rule 41(a)(1)(A)(i), which "allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal **before the opposing party serves an answer or a motion for summary judgment.**" (Dkt. 6) (emphasis added).

This framework presupposes the existence of an opposing party defendant who might file responsive pleadings. In traditional DMCA § 512(h) proceedings:

1. **No complaint is filed** — only a petition for subpoena issuance
2. **No defendant is named or served** — the service provider is merely a third-party recipient of the subpoena
3. **No answer or motion for summary judgment could be filed** — because there are no parties in an adversarial posture unless a motion to quash is filed

Here, X Corp. never appeared as an opposing party. It received the subpoena as a third-party service provider and ultimately complied. No motion to quash was filed. There was never an "opposing party" in the Rule 41 sense.

**C. Mr. Gharavi's Response Did Not Request Voluntary Dismissal**

Mr. Gharavi's Response to the Order to Show Cause (Dkt. 5) explained:

- The matter had been successfully resolved through X Corp.'s voluntary compliance
- Mr. Gharavi engaged in extensive good-faith meet-and-confer efforts
- The case was marked "Closed" and "Terminated" when Mr. Gharavi reasonably relied on that status
- Mr. Gharavi respectfully requested that "this matter be formally closed as successfully resolved"

Mr. Gharavi did not file a "notice of voluntary dismissal." Rather, Mr. Gharavi responded to the Court's show cause order by demonstrating successful prosecution of the subpoena and requesting that the proceeding be formally closed.

**D. The Proper Characterization Should Reflect Successful Subpoena Execution**

The appropriate characterization of this proceeding's conclusion is that:

1. Mr. Gharavi properly filed a DMCA § 512(h) subpoena petition
2. The Clerk properly issued the subpoena
3. After meet-and-confer efforts, the service provider complied
4. The subpoena was successfully executed
5. The proceeding is therefore complete

This is not a voluntary dismissal scenario. It is a successful completion of the statutory DMCA subpoena process.

5

**E. Clarification Is Important for Mr. Gharavi's Record and Future Proceedings**

Mr. Gharavi is an active *pro se* litigant who has successfully prosecuted numerous DMCA § 512(h) subpoena proceedings in multiple jurisdictions, including:

- *In Re: Digital Millennium Copyright Act Section 512(h) Subpoena to Tiktok Inc., et al.*, No. 2:25-mc-00002 HDV (PDx), (C.D. Cal.)[1]

- *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 3:25-mc-80138-TLT (N.D. Cal.)[2]

- *In Re: Digital Millennium Copyright Act Section 512(h) Subpoena to Meta Platforms*, No. 3:25-mc-80003-AGT (N.D. Cal.)

- *In Re: Digital Millennium Copyright Act Section 512(h) Subpoena to Reddit, Inc.*, No. 4:25-mc-80002-DMR (N.D. Cal.)

- *In re DMCA Section 512(h) Subpoena to Google LLC.*, No. 4:25-mc-80164-DMR, (N.D. Cal.)[3]

---

[1] This proceeding was filed on January 9, 2025. TikTok requested entry of a protective order before producing basic subscriber information. After oral argument on May 22, 2025, the Court denied TikTok's request on May 28, 2025, holding that TikTok failed to meet its burden to show good cause under Fed. R. Civ. P. 26(c)(1). The Court found that Mr. Gharavi would limit his use of subscriber information to protecting copyright rights in compliance with 17 U.S.C. § 512(h)(2)(C), and that entry of a protective order would unnecessarily burden a *pro se* litigant. *In re: Digital Millennium Copyright Act Section 512(h) Subpoena to TikTok Inc., et al.*, No. 2:25-mc-00002-HDV-PD, Dkt. No. 23, at 1 (C.D. Cal. May 28, 2025)

[2] This proceeding was filed on June 2, 2025. When the service provider only partially complied with the subpoena, Mr. Gharavi filed a motion to compel full compliance. The Court granted the motion on August 12, 2025, finding the subpoena valid and enforceable and ordering complete production. *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 3:25-mc-80138-TLT, Dkt. No. 19 (N.D. Cal. Aug. 12, 2025).

A characterization suggesting voluntary dismissal could be misinterpreted in future proceedings as reflecting failure to prosecute or abandonment of meritorious claims, rather than what actually occurred: successful execution of a DMCA subpoena through diligent advocacy and good-faith negotiations.

## V. CONCLUSION

Mr. Gharavi respectfully requests that the Court clarify its August 22, 2025 Order to reflect that:

1. This proceeding was a DMCA § 512(h) subpoena request, not a traditional civil action requiring application of Rule 41(a)(1)(A)(i);
2. The subpoena was successfully executed when X Corp. voluntarily complied with the subpoena; and
3. The proceeding is closed as successfully completed, rather than voluntarily dismissed.

Alternatively, if the Court concludes that clarification is unnecessary, Mr. Gharavi respectfully requests the Court so state for the record.

Mr. Gharavi emphasizes his gratitude for the Court's attention to this matter and acknowledges that the Court achieved the correct practical result in closing the case.

---

[3] This proceeding was filed on June 23, 2025, and the subpoena was issued on June 24, 2025. Mr. Gharavi filed a motion to compel full compliance on October 2, 2025, which remains pending as of the date of this filing.

Dated: October 6, 2025

                                        Respectfully submitted,

                                        /s/ Nima Gharavi

                                        Nima Gharavi
                                        4610 North Clark St. #1098
                                        Chicago, IL 60640
                                        C: +1 (773) 899-4688
                                        dmca@midwestwrestle.com

                                        *Pro Se*